UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case Number: 23-MJ-00040 |
| : | |
| RASHID MCFADDEN, : | |
| : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM
IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant Rashid McFadden pursuant to 18 U.S.C. § 3142(f)(1)(A). The defendant has been charged by Criminal Complaint in the United States District Court for the District of Columbia with one crime of violence: Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2). Perhaps most concerning, the defendant bragged about his access to his infant child and young niece and expressed a willingness to sexually abuse and exploit them. Given the seriousness of the defendant's conduct, the government submits that there are no conditions that will reasonably assure the safety of the community should he be released. As a result, detention is appropriate.

**FACTUAL BACKGROUND**

On Thursday, February 16, 2023, the defendant was a participant within and member of a WICKR online group.[1] On that date, a Task Force Officer associated with the Washington Field

---

[1] WICKR is an instant messaging mobile application where one can transmit and receive messages, photos, and videos. Users can communicate privately with other users or in groups. WICKR has end-to-end encryption.

Office of the Federal Bureau of Investigation (FBI) was acting in an undercover (UC) capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force and entered into that WICKR group. This group had approximately 121 members and was a place where people meet, discuss, and trade sexually explicit images and videos of children and share links containing child pornography. The defendant, using the screen name "tng6" was posting messages and videos within the WICKR group.

Another member of the group posted an image file depicting two children in a swimming pool. The defendant responded to this image by stating "sexy," followed by, "You fucking them?" The defendant then stated, "Nice gotta post my stuff someday." Another member of the group encouraged the defendant to post his material, at which time the defendant did in fact post a video file to the group. The video depicted an adult black male standing in front of a black infant sitting in a baby seat. The adult male is masturbating his penis in front of the infant. A member of the group stated, "Hot. That you?" The defendant responded, "Yes."[2]

Shortly thereafter, the defendant posted another message to the group, stating, "Shit any1 wanna meet in VA let me know." The UC initiated a private chat conversation with the defendant.

While the defendant was communicating with the UC in their private chat, the defendant posted two additional videos to the WICKR group chat. The second video depicts a black male placing his penis in the buttocks of a prepubescent black female. The child is on a bed, lying on her stomach, and is nude from the waist down. The male ejaculates onto the child's buttocks and says, "bust a nut on you." Another member of the group asked the defendant if he was the male depicted in the video, to which the defendant responded with a devil emoji face and further stated,

---

[2] Law enforcement is continuing to investigate whether the defendant is in fact the adult male depicted in all three videos discussed herein.

"Niece that time."

The third video shared by the defendant depicted an adult black male inserting his finger inside the vagina of a prepubescent black female child. Immediately after sending this video to the group, the defendant wrote, ";) niece is so fun" and further stated that he was "a bad daddy and uncle." The defendant then wrote to the group that he recorded this video for a friend last weekend and that he had to ask her to send it back to him.

During the private chat with the UC, the UC informed the defendant that he was the father of an 8-year-old daughter. The UC sent the defendant a few images of his purported daughter and stated that he shows her off on FaceTime when the purported daughter is asleep.[3]

During the private chat, the defendant identified the infant from the video he had shared as his daughter and stated that he would have access to her during the upcoming weekend. The defendant was in fact with his infant child on Friday, February 17, 2023 and intended to be with the child through that weekend. The defendant also told the UC that he "came on my niece." The defendant stated that he did not have any more videos of his daughter, "but maybe can make more this weekend and me too. They can't say much [devil emoji]." The UC sent the defendant his cell phone number and stated that the UC could show his purported 8-year-old daughter "live." The defendant stated, "Sure that's hot" and sent the UC a text message from the phone number 443-527-XXXX.

The UC initiated a video call with the defendant at phone number 443-527-XXXX. The defendant's face was visible during the FaceTime call. The video call was less than five minutes, as the defendant asked the UC if he could call him back to due to a maintenance man showing up

---

[3] The photos sent by the UC do not depict a real child.

at his residence.[4]

The defendant was arrested on Friday, February 17, 2023. At the time of his arrest, the defendant was with his infant daughter's mother and the infant. The defendant had intended to be with the infant through the following weekend, just as he had told the UC in their private conversation a day prior.

The defendant's child's mother was interviewed on February 18, 2023, a day after the defendant's arrest. She told law enforcement that the defendant had never been left alone with their infant child. She was shown a photograph taken from the first video the defendant had distributed within the WICKR group, depicting an infant in a baby seat.[5] The defendant's child's mother told law enforcement she did not recognize the infant, nor the other items in the photograph. She also told law enforcement that the defendant had no nieces on his mother's side, but that she was unaware whether he had nieces on his father's side. She confirmed that the defendant did have another young daughter who is approximately six or seven years old, and that the defendant did have young cousins who he had spent time with in the past. The defendant's child's mother further informed law enforcement that she and the defendant are currently working on their relationship.

The phone number provided by the defendant to the UC has been verified by the defendant's child's mother, as well as by T-Mobile, identifying the subscriber as the defendant, Rashid Lamont McFadden.

## **ARGUMENT**

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of

---

[4] This video call was not recorded.
[5] The image shown to the infant's mother did not contain child pornography.

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

The crime of Distribution of Child Pornography, in violation of Title 18, United States Code Section 2252(a)(2) is a crime of violence involving a minor victim, which under 18 U.S.C. § 3142(e)(3)(E) creates a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released").

In determining whether the defendant has rebutted that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead, it remains in the case as an evidentiary finding

militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## ANALYSIS

For the reasons that follow, the government submits that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and that the defendant should therefore remain detained pending trial.

A.     **The Nature and Circumstances of the Offense Charged**

The defendant is charged with Distribution of Child Pornography, which carries a 5-year mandatory minimum sentence, reflective of the severity of this offense. Moreover, the defendant's conduct in this matter is particularly egregious. In addition to distributing multiple videos of child pornography, the defendant also bragged about the abuse and exploitation of his infant daughter and prepubescent niece. The defendant mentioned that he would have the opportunity to create child pornography in the future, noting that his victims "can't say much." Further, the defendant expressed willingness to watch the UC exploit his own 8-year-old purported child. In sum, the defendant not only distributed child pornography, but he discussed the exploitation of his infant child and prepubescent niece and was willing to watch another adult man sexually exploit a young child. Thus, the nature and circumstances of the offense weigh heavily in favor of detention.

B.     **The Weight of the Evidence Against the Defendant**

The evidence against the defendant is strong, involving electronic communications with an undercover law enforcement officer and verification that the phone number the defendant was using was in fact his.[6] The UC observed the defendant's face during a FaceTime call and T-Mobile provided law enforcement with records showing that the defendant was the subscriber of the phone number that was communicating directly with the UC. Moreover, the defendant does in fact have a young infant daughter. In sum, the weight of the evidence against the defendant is overwhelming.

C. **The History and Characteristics of the Defendant**

The defendant has no criminal history; however, it is clear that the present offense is not an anomaly. The defendant told the UC that he was the adult male who can be seen assaulting and exploiting an infant child and a prepubescent girl. The defendant told the UC he intended to abuse and exploit the children further and create more images while abusing them. Indeed, the defendant bragged about his access to these children and egregiously noted, "they can't say much" with reference to the young children. The defendant also expressed a willingness and even provided his phone number in order to watch the UC exploit his purported 8-year-old daughter. In other words, the defendant's conduct was not a spontaneous decision made in a moment of weakness, but rather one instance in a series of attempts to engage in the sexual abuse and exploitation of several children.

In addition, the defendant is currently facing similar charges in Baltimore County for the possession and distribution of child pornography. *See* Attachment A. The conduct alleged in Baltimore County predates the defendant's criminal acts in this case, signifying a pattern of

---

[6] The defendant's phone was seized as part of this investigation. The government is continuing to investigate the contents of the defendant's phone.

conduct.[7] The defendant is specifically alleged to have uploaded seven video files depicting child pornography to KIK[8] between December 21, 2020 and December 28, 2020. These videos depicted female children between the ages of approximately five and nine years old, who were engaged in oral and vaginal intercourse. On March 9, 2021, Baltimore County investigators interviewed the defendant, and the defendant provided his phone to law enforcement. The defendant's phone was searched, and Baltimore County investigators discovered that the defendant's phone contained dozens of videos and images depicting the sexual abuse of very young children. The files discovered contained infants and prepubescent males and females engaged in sexual acts with other children, animals, and adults. The defendant's conduct in this case is part of a dangerous pattern that has been going on for several years. He was only caught in the instant case because he unknowingly engaged with an undercover officer. He is clearly a danger, and there is nothing short of detention that will protect the community.

### D.     The Nature and Seriousness of the Danger to Any Person or the Community

Finally, the evidence here establishes that the defendant presents a danger to the community. Not only did the defendant distribute child pornography, but he bragged about his access to and abuse of his infant child and prepubescent niece.[9] He sent videos of children to a large group over the Internet, further victimizing the children in the videos. The defendant provided his phone number and accepted a FaceTime call in order to watch the real-time abuse and

---

[7] The Baltimore County arrest warrant and associated statement of facts also notes that the defendant was investigated in October 2018 for possession and distribution of child pornography.

[8] Kik is a freeware instant messaging mobile application where one can transmit and receive messages, photos, videos, sketches, mobile webpages, and other content.

[9] The government's investigation is ongoing. At this time, the government has been unable to determine whether or not this defendant sexually abused children and whether he was the individual depicted in the images that he distributed to the WICKR group and to the UC.

exploitation of who he believed to be an 8-year-old girl. This behavior shows that the defendant's sexual interest in children is not confined to the virtual world but poses an articulable danger to real children. Indeed, the defendant's statements to the UC that he had also abused his daughter and niece and that he was willing to do so again in order to create more content is extremely concerning, particularly given that the defendant does have a young daughter and that he intended to be with this child during the weekend following his conversation with the UC.

Moreover, given the electronic-based component of the defendant's conduct, there is no reason to believe that home confinement would substantially mitigate the danger posed by the defendant to the community. Indeed, the defendant was living in the community when he committed the charged conduct described here. As such, there is absolutely no reason to believe that home confinement would prevent him from continuing this behavior. Thus, this factor weighs strongly in favor of detention.

## **CONCLUSION**

For all of the reasons set forth above, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant has not rebutted the statutory presumption in favor of detention, and he should be detained pending trial.

WHEREFORE, the government respectfully requests that the court grant its motion for detention of the defendant.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ Rachel Forman*
Rachel Forman
VA Bar No. 89169
Assistant United States Attorney
United States Attorney's Office
601 D St., N.W.
Washington, DC 20530
Phone: (202) 805-1261

# **Attachment A**

Baltimore County Signed Arrest Warrant and Statement of Facts

NOTE: Any part of a Social Security Number is Restricted Information per Md. Rule 16-915(e).



# DISTRICT COURT OF MARYLAND FOR Baltimore County
Located at 120 E. Chesapeake Avenue, Towson, Maryland 21286

Case No. D-08-CR-22-011670

**STATE OF MARYLAND**   VS.   **MCFADDEN, RASHID LAMONT**



Home phone:

Tracking No: 221001407664

| Charge | Statute | Arrest |
|---|---|---|
| CHILD PORN PROMOTE/DISTRB | CR 11 207 (a)(4) | |
| CHILD PORN PROMOTE/DISTRB | CR 11 207 (a)(4) | |

| Charge | Statute | Arrest |
|---|---|---|
| POSSESS CHILD PORNOGRAPHY | CR 11 208 | |
| POSSESS CHILD PORNOGRAPHY | CR 11 208 | |

Date: 05/03/2022
**ARREST WARRANT**
Warrant Control No. D220329281
STATE OF MARYLAND, Baltimore County
TO ANY PEACE OFFICER:
   An order of the court was entered on 05/03/2022, ordering the arrest of MCFADDEN, RASHID LAMONT to be brought before this court for an Initial Appearance.
   YOU ARE ORDERED to immediately arrest the above-named person who resides or may be located at:
_____.
   **IF THE DEFENDANT IS NOT IN CUSTODY FOR ANOTHER OFFENSE,**
Initial appearance is to be held in county in which warrant was issued.
   **YOU ARE FURTHER DIRECTED:**
☑ to immediately take this person before a judicial officer of the District Court; or if the warrant so specifies, before a judicial officer of the circuit court. An appearance by video satisfies the requirements of this directive.
☐ to hold this person at_____ pending their appearance in the above-named court on the first sitting of the court following their apprehension.
   ☐ **IF THE DEFENDANT IS IN CUSTODY FOR ANOTHER OFFENSE, this warrant is to be lodged as a detainer for the continued detention of the defendant for the offense charged in the charging document. When the the defendant is served with a copy of the charging document and warrant, the defendant shall be taken before a judicial officer of the district court; or if the warrant so specifies, before a judicial officer of the circuit court.**
☐ _____
   *Specify other directions as needed*
   **LOCAL DETENTION CENTER, JAIL OR BOOKING FACILITY: YOU ARE ORDERED to:**
☐ Receive from any officer the body of the above-named defendant who is COMMITTED TO YOUR CUSTODY.
☐ Transfer the defendant to:_____
   *Facility Name and Address*
_____
The defendant, once transferred, shall be taken without unnecessary delay, before this court during the next session to answer these charges.

Date: 05/03/2022   Time: 8:55 AM       _____   ID: 8092
                                     *Judge/Commissioner/Clerk of the Circuit Court*
**Description:** _____
_____ FBI # _____   SID # _____   SSN _____
Complexion _____   Tattoos, Marks, Scars _____   Other _____
Given to Law Enforcement Agency: **BALTIMORE COUNTY POLICE**
                    **RETURN OF SERVICE**
☐ I certify that at _____M on _____ at _____
         *Time*              *Date*
_____, I executed this arrest warrant by arresting the person named above
         *Place*
and delivered a copy of the arrest warrant to them.
☐ I left a copy of the warrant and charging document as a detainer for the continued detention of the person named
   above at: _____
            *Detention Facility*
            _____
            *Address*
_____
*Signature of Peace Officer*    *Title*    *Agency*    *Sub-Agency*    *ID Number*
**CC-DC-CR-142A**(Rev. 11/2021)



**DISTRICT COURT OF MARYLAND FOR Baltimore County**
Located at 120 E. Chesapeake Avenue, Towson, Maryland 21286

Case No. D-08-CR-22-011670

**STATE OF MARYLAND**  VS.  **MCFADDEN, RASHID LAMONT**

ORIGINAL

COMPLAINANT:
Officer: KACZYNSKI
Agency/Subagency: AE CID
Officer ID: 3425



LID:   SID:   FBI#:
Home phone:   Cellphone

## STATEMENT OF CHARGES

UPON THE FACTS CONTAINED IN THE APPLICATION OF Officer: KACZYNSKI IT IS FORMALLY CHARGED THAT MCFADDEN, RASHID LAMONT at the dates, times and locations specified below:

| NUM | CHG/CIT | STATUTE | PENALTY | DESCRIPTION OF THE CHARGE |
|-----|---------|---------|---------|---------------------------|
| 001 | 1 0300 | CR 11 207 ((a)(4)) | 10 Y &/or $25,000.00 | CHILD PORN PROMOTE/DISTRB<br>On or About 12/21/2020 - 12/28/2020<br>9016 SAMOSET RD<br>BALTIMORE COUNTY, MD<br>...did knowingly distribute video files that depicts a minor engaged as a subject in sexual conduct.<br>Against the Peace, Government, and Dignity of the State. |
| 002 | 1 1756 | CR 11 208 | 5 Y &/or $2,500.00 | POSSESS CHILD PORNOGRAPHY<br>On or About 12/21/2020 - 12/28/2020<br>9016 SAMOSET RD<br>BALTIMORE COUNTY, MD<br>...did knowingly possess and intentionally retain a visual representation to wit: video files showing an individual under 16 years of age engaged in sexual conduct.<br>Against the Peace, Government, and Dignity of the State. |
| 003 | 1 0300 | CR 11 207 ((a)(4)) | 10 Y &/or $25,000.00 | CHILD PORN PROMOTE/DISTRB<br>On or About 03/09/2021 - 03/09/2021<br>9016 SAMOSET RD<br>BALTIMORE COUNTY, MD<br>...did knowingly possess with intent to distribute videos and images that depicts a minor engaged as a subject in sexual conduct.<br>Against the Peace, Government, and Dignity of the State. |
| 004 | 1 1756 | CR 11 208 | 5 Y &/or $2,500.00 | POSSESS CHILD PORNOGRAPHY<br>On or About 03/09/2021 - 03/09/2021<br>9016 SAMOSET RD<br>BALTIMORE COUNTY, MD<br>...did knowingly possess and intentionally retain a visual representation to wit: videos and images showing an individual under 16 years of age engaged in sexual conduct.<br>Against the Peace, Government, and Dignity of the State. |

Date : 05/03/2022  Time : 8:53 AM
Tracking No. 221001407664

Judicial Officer: _____ 8092



**DISTRICT COURT OF MAR**
LOCATED AT (COURT ADDRESS)
120 E. CHESAPEAKE AVE., TOWS



D-08-CR-22-011670

...(~~City~~ / County )

| COMPLAINANT | DEFENDANT |
|---|---|
| KACZYNSKI, DANA DET. | MCFADDEN, RASHID LAMONT |
| Printed Name | Printed Name |
| 6401 YORK RD | |
| Address | |
| TOWSON MD 21212        410 887-7719 | |
| City, State, Zip        Telephone | City, State, Zip        Telephone |
| AE CIB/CACU    3425 | |
| Agency, Sub-agency, and I.D. #   (Officer Only) | |

DEFENDANT'S DESCRIPTION: _____ Sex ____ ID ____
Hair ____ Complexion ____ Other ____

### APPLICATION FOR STATEMENT OF CHARGES    Page 1 of 6

(Include a statement of facts within your personal knowledge (what you saw or heard, what someone said to you, etc.) showing that there is probable cause to believe that a crime has been committed and that the defendant has committed it. Please see the "NOTICE TO APPLICANT FOR A CHARGING DOCUMENT" for further information.)

I, the undersigned, apply for a statement of charges and a summons or warrant which may lead to the arrest of the above named defendant because on or about   12/21-28/20 & 3/9/21   at   9016 SAMOSET RD RANDALLSTOWN, MD 21133  , the above named defendant

-- SEE ATTACHED FORM DC-CR-001A --

(Continued on attached   5   pages) (DC-CR-001A)

I solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.   5/3/2022

Officer's Signature: Det Dana Kaczynski 3425
Printed Name: DET DANA KACZYNSKI 3425

I have read or had read to me and I understand the notice on the back of this form.

_____ Date      _____ Applicant's Signature
                  _____ Printed Name

Subscribed and sworn to before me   MAY 0 3 2022   at   1:30   ☒ AM ☐ PM
                                    Date              Time
                                    Judge/Commissioner        P09d
                                                               ID Number

I understand that a charging document will be issued and that I must appear for trial ☐ on _____
at _____ , ☒ when notified by the clerk, at the court location shown at the top of this form.
   Time                                                                                 Date

_____ Applicant's Signature

☐ The applicant requests reasonable protection for safety of the alleged victim or the victim's family:
                                          (Describe)

☐ I have advised applicant of the right to request shielding.    ☐ The applicant declines shielding.
☐ I declined to issue a charging document because of lack of probable cause.

_____ Date                            _____ Commissioner      _____ ID Number
                                        _____ Printed Name

Tr.# 221001407664

DC-CR-001 (Rev. 10/2020)



| DISTRICT COURT OF MARYLAND FOR | BALTIMORE (City / County) |
|---|---|
| LOCATED AT (COURT ADDRESS)<br>120 E. CHESAPEAKE AVE., TOWSON, MD 21286 | DISTRICT COURT CASE NUMBER    21-026-0521 |

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MCFADDEN, RASHID LAMONT

**APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)**    Page 2 of 6

On 01-25-2021, I was assigned to follow up on a Cyber Tip (83963311) from the National Center for Missing and Exploited Children (NCMEC). On 12-28-2020, NCMEC received a complaint from KIK involving 7 video files that were uploaded between 12-21-20 at 10:18:23 EST (15:18:23 UTC) to 12-28-20 at 17:48:38 EST (22:48:38 UTC). The 7 videos were viewed. Two of the videos were duplicates. The videos depict female children whose ages are estimated to be between the ages of 5 and 9 engaged in oral and vaginal intercourse. One of the videos shows a female child's vagina and a subject is touching and spreading the lips of her vagina. I identified these videos as child pornography through my training knowledge and experience. The account that was responsible for the uploads was provided by Kik. That account information was as follows:

Email Address - gorgeousgina5428@yahoo.com
User Name - harrypothead2019
Up Load IP address - 100.16.114.212
Up Load Date/Time - between 12-21-20 at 10:18:23 EST (15:18:23 UTC) to 12-28-20 at 17:48:38 EST (22:48:38 UTC)

This IP address was found to be assigned through Verizon.
I served Verizon with Grand Jury subpoena for IP address 100.16.114.212 on 12-22-2020 at 01:26:27 UTC.
On 02-03-20, Verizon responded with the following account information:

Subscriber Name - Darius Easley

5/3/2022
Date

Applicant's Signature 3425
DET DANA KACZYNSKI 3425
Printed Name

TRACKING NUMBER

DC-CR-001A (Rev. 04/2015)



**DISTRICT COURT OF MARYLAND FOR** ......BALTIMORE...... (~~City~~ / County)

LOCATED AT (COURT ADDRESS)
120 E. CHESAPEAKE AVE., TOWSON, MD 21286

DISTRICT COURT CASE NUMBER: 21-026-0521

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MCFADDEN, RASHID LAMONT

**APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)** Page 3 of 6

Service Address - 9016 Samoset Rd. Randallstown, MD 21133
Telephone Number - 410 497-2782

On 03-08-21, I presented an Application and Affidavit for Search and Seizure Warrant to the Honorable Judge K. Pilarski of the District Court of Maryland for Baltimore County. After reviewing the document she signed the warrant authorizing its execution on 9016 Samoset Rd. Randallstown, MD 21133.

On 03-09-21, members of the Crimes Against Children Unit including myself, Lt. Peterson 3986, Sgt. K. Smith 4159, Detectives Rees 4648, Adamski 4657, Jeunette 4523, Raut 4438, Maranto 4913, Westfall 4769, and uniformed officer Brown 5992 went to the Samoset address. Upon knocking on the door and announcing our presence, Tanisha McFadden answered the door allowing us access to the house. Not only was the home occupied by Mrs. McFadden, but also by Faith Mealey (16yo), and Darius Easley (22 yo). Upon securing the home the three occupants were seated in the living room. I read the search warrant, Miranda rights, and values statement. They acknowledged that they understood their rights and did not have anything of value that they wanted placed with them. I asked if there was anyone who lives there that was not home. They advised Rashid McFadden was at work.

I asked each of them about electronic devices, passwords, and online accounts. Darius said he had moved out of this residence in July 2020, and moved back in on January 5th, 2021. He said he has an IPhone 10, 11, and 12. He added that

5/3/2022
Date

Applicant's Signature — 3425
DET DANA KACZYNSKI, 3425
Printed Name

DC-CR-001A (Rev. 04/2015)

TRACKING NUMBER



**DISTRICT COURT OF MARYLAND FOR** BALTIMORE (City / County)

LOCATED AT (COURT ADDRESS)
120 E. CHESAPEAKE AVE., TOWSON, MD 21286

DISTRICT COURT CASE NUMBER: 21-026-0521

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MCFADDEN, RASHID LAMONT

**APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)**   Page 4 of 6

the IPhone 10 and 11 were both broken and the IPhone 12 has a password of 2303. Darius provided 2 email addresses of dariuseasley6@gmail.com and deasley21498@gmail.com. I asked about the KIK app and he he said he is not on KIK.

Faith advised that she has an IPhone 11 (PW - 020805) and an IPad (PW - 020805). She said her email addresses are faithamaya123@icloud.com and amayascartell@gmail.com. Tanisha said she has an IPhone 11 (PW - 23082814) and uses email addresses tanisham354@gmail.com and tanisha.mcfadden37@gmail.com.

Darius's phones were put into airplane mode and manually checked for child pornography by Det. Rees. No child pornography was found. Faith and Tanisha's phone's were also checked with negative results. An HP computer tower that was in the basement was also checked with negative results.

Rashid McFadden was called and he advised that he was on his way home. Upon arriving home Rashid joined his family in the living room. I also asked him about electronics and online accounts. I also read him his Miranda rights. I asked Rashid if he had a phone on him. He retrieved it and gave it to me. Rashid's IPhone 8 was given to Sgt Smith. Rashid listed his electronic devices as his phone (PW - 727443), and a Nintendo switch. After putting the phone into airplane mode, Sgt. Smith manually looked through the phone. No child pornography was found. Sgt. Smith did not notice the KIK app on the phone's

Date: 5/3/2022

Applicant's Signature: Dana Kaczynski 3425
Printed Name: Det Dana Kaczynski 3425

TRACKING NUMBER

DC-CR-001A (Rev. 04/2015)



| DISTRICT COURT OF MARYLAND FOR | BALTIMORE ................(City / County) |
|---|---|
| LOCATED AT (COURT ADDRESS) 120 E. CHESAPEAKE AVE., TOWSON, MD 21286 | DISTRICT COURT CASE NUMBER    21-026-0521 |

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MCFADDEN, RASHID LAMONT

**APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)**  Page 5 of 6

home screen but it appeared that the KIK app had previously been downloaded on the phone. Rashid provided two of his email addresses - rasid42895@gmail.com and snook42895@gmail.com.

Rashid was interviewed privately by myself and Det. Rees in a bedroom. I explained that we had gotten a complaint from the National Center for Missing and Exploited Children which was the same reason detectives spoke to him in October 2018. He also said that he uses numbers from his date of birth (04-28-95) in his email addresses. I asked him about the account information provided by KIK that included .....428. He denied that the account was his and said that he moved out of the house in the summer of 2020 and moved back around the end of December 2020. It was noted that the KIK activity occurred from 12-21-20 through 12-28-20. He said he did have KIK on his phone and last used it in 2017. He said he had seen child pornography before and said it was on Facebook. He said he has had his phone for approximately 3 years. Rashid denied the KIK account was his and that he uploaded child pornography from the house.

I also interviewed Darius post Miranda. We confirmed his electronic devices and his email addresses and passwords. He said he hadn't used KIK since he was in high school. He denied looking for child pornography. He also denied knowledge of the user name and email address that KIK provided that uploaded the child pornography.

Date: 5/3/2022

Applicant's Signature: Det Dana Kaczynski 3425
Printed Name: Det Dana Kaczynski 3425

DC-CR-001A (Rev. 04/2015)

TRACKING NUMBER



| DISTRICT COURT OF MARYLAND FOR | BALTIMORE .(City / County) |
|---|---|
| LOCATED AT (COURT ADDRESS) 120 E. CHESAPEAKE AVE., TOWSON, MD 21286 | DISTRICT COURT CASE NUMBER — 21-026-0521 |

DEFENDANT'S NAME (LAST, FIRST, M.I.)
MCFADDEN, RASHID LAMONT

**APPLICATION FOR STATEMENT OF CHARGES (CONTINUED)** Page 6 of 6

Rashid's IPhone 8 was seized and a piece mail in Rashid's name was seized as evidence. The IPhone 8 was given to Det. Carns of the Crimes Against Children Unit. Det. Carns used the Cellebrite UFED TOUCH2, to extract information from the IPhone 8. After this was done Det. Carns provided me the results of the extraction. I reviewed the content and did not see any obvious files that could be identified as child pornography. I also did not find the email address gorgeousgina5428@yahoo.com, or user name harrypothead2019 on the phone. The phone was submitted as evidence and a more extensive analysis will be conducted by the Baltimore County Police Computer Forensics Unit.

On 12/01/2021, Computer Forensic Examiner Felicia DiPrinzio #80382, completed the forensic analysis of the seized IPhone. After obtaining the examination results, over 2 hundred notable files were observed. Some of the files were duplicates, and some can't be definitely identified as child pornography. I did identify dozens of videos or images as child pornography. Upon viewing the files I noticed the ages ranged from infants to prepubescent males and females engaged in sexual acts with other children, animals, and adults.

Three files of child pornography were titled:

TRIM.3E4BBA20-46B64572-844E-75F2E2601F8D.MOV
TRIM.7CF5FDF4-FACF-43FC-9434-B550A2B09DE5.MOV
TRIM.AF59F7DC-66A2-4158-921B-0D1B282661.MOV

All events occurred in Baltimore County MD.

5/3/2022
Date

Applicant's Signature  3425
DET DANA KACZYNSKI 3425
Printed Name

TRACKING NUMBER

DC-CR-001A (Rev. 04/2015)